UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Travis Whann | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: 1:14-CV-378 |
| Everett Receivable Services, Inc. | ) | Indianapolis Division |
| 352 Sonwil Drive | ) | |
| Cheektowaga, NY 14225 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT
### FAIR DEBT COLLECTION PRACTICES ACT
### Jury Demanded

Now comes Travis Whann ("Whann"), by and through his attorneys, and, for his Complaint, alleges as follows:

**JURISDICTION AND VENUE**

This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

**PARTIES**

1. Whann incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

2. Whann resides in Indiana within this district.

3. Defendant is a New York corporation with its principal office in the State of New York.

4. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

5. Defendant regularly attempts to collect, or attempts to collect, debts owed or due another.

6. At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

**FACTS COMMON TO ALL COUNTS**

7. On or around February 20, 2014, at about 1030 AM, Defendant, through a male agent using the phone number 317 489 9221 communicated with Whann's wife to verify Whann's address.

8. Thereafter, Whann spoke with this agent who informed him that the agent was collecting a debt, but the agent did not identify for whom he was collecting.

9. During that communication, Whann's wife Amanda told the agent that the Whanns' had hired Jason Allen Law LLC and that the agent was to contact the Whanns' attorney.

10. Thereafter, on February 20, 2014 at 1230 PM, Defendant again called Plaintiff. Defendant repeatedly called Plaintiff after having been advised that Plaintiff had retained an attorney.

12. Defendant damaged Whann.

13. Defendant violated the FDCPA.

## COUNT I

14. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

15. Defendant violated 15 USC § 1692d(v) by engaging in harassing or abusive means to collect, or attempt to collect, the Debt.

## COUNT II

16. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

17. Defendant violated 15 USC § 1692(c)(a) by continuing to contact Plaintiff after Defendant was advised that he was represented by an attorney.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1); Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A); Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action,

pursuant to 15 U.S.C. §1692k(a)(3); and any other legal and/or equitable relief as the Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                              Travis Whann

                              By: /s/<u>Brenda Ann Likavec</u>

Brenda Ann Likavec
Attorney for the Plaintiff
Attorney Number 27224-64
Jason Allen Law
77 W Washington #515
Chicago, IL 60602

Of counsel

David P. Leibowitz
Lakelaw
420 W. Clayton Street
Waukegan, IL 60085
847 249 9100